**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ANNE MARIE PRIMUS,

Plaintiff,

v. CASE NO.:

DEDICATED SENIOR MEDICAL CENTER
OF FLORIDA LLC,

Defendant.

_______________________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, ANNE MARIE PRIMUS, (hereinafter "Plaintiff" or "Ms. Primus"), a Florida resident, by and through the undersigned counsel, hereby sues Defendant, DEDICATED SENIOR MEDICAL CENTER OF FLORIDA LLC (hereinafter "Defendant," "Dedicated," or "Company") and alleges:

**INTRODUCTION**

1. Plaintiff brings this action against Defendant, her former employer, seeking to recover damages for unlawful discrimination based on race in violation of 42 U.S. Code § 1981 - Equal rights under the law, and

discrimination based on race and age in violation of Chapter 760 of the Florida Statutes, the Florida Civil Rights Act of 1992, as amended, § 760.10 et seq. ("FCRA").

2. As further set forth below, Plaintiff alleges that Defendant unlawfully discriminated against her and altered the terms, conditions, and privileges of her employment because of her race and age, including by selectively enforcing a previously uncommunicated policy against her, suspending her, red flagging her compensation, and terminating her employment.

3. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered actual damages, including loss of income, loss of opportunity for future income, loss of benefits, and loss of future pay increases. In addition, she has suffered and continues to suffer the loss of her professional and personal reputation, emotional distress, mental anguish, embarrassment, and humiliation.

4. Plaintiff has incurred costs and attorney's fees in bringing this matter.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367(a) and the principles of pendent jurisdiction.

6. This Court has jurisdiction to grant declaratory relief, declare the rights and legal relations of the parties, and order further relief pursuant to 28 U.S.C. §§ 2201 and 2202.

7. Venue is proper in the United States District Court for the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims herein occurred within this District and Division. All facts and circumstances arising from this dispute took place in Hillsborough County, Florida.

## PARTIES

8. Plaintiff is an African American female who resides in Hillsborough County, Florida.

9. Plaintiff is a member of classes protected against discrimination based on her race and age under 42 U.S. Code § 1981 and the FCRA.

10. Plaintiff was 65 years old at the time of the adverse employment actions described herein.

11. During the period from 2020 until September 3, 2025, Defendant employed Plaintiff as a Referral Coordinator and Preceptor-Trainer.

12. At all times material herein, Plaintiff met the definitions of "employee" and "eligible employee" under all applicable federal and state statutes.

13. At all times material herein, Plaintiff was an employee entitled to protection as defined by 42 U.S. Code § 1981 and the FCRA.

14. The Defendant, DEDICATED SENIOR MEDICAL CENTER OF FLORIDA LLC, is a Florida limited liability company with a principal place of business located at 1903 Fletcher Ave, Tampa, Florida 33612.

15. At all times material herein, Defendant regularly conducted, and continues to conduct, business throughout Hillsborough County, Florida, where it employed Plaintiff.

16. At all times material herein, Defendant employed fifteen (15) or more employees, and met, and continues to meet, the definitions of "employer" under all applicable federal and state statutes including, but not limited to, 42 U.S. Code § 1981 and the FCRA.

17. Accordingly, Defendant is liable under 42 U.S. Code § 1981 and the FCRA for the unlawful discrimination to which it subjected Plaintiff.

## ADMINISTRATIVE PREREQUISITES

18. Plaintiff has properly exhausted all administrative prerequisites prior to filing the instant lawsuit.

19. On November 11, 2025, Plaintiff timely dual filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") against Defendant alleging, among other things, race discrimination and age discrimination (EEOC Charge No. 511-2026-00477).

20. More than one hundred eighty (180) days have elapsed since the filing of Plaintiff's Charge of Discrimination and the FCHR has not conciliated or determined whether there is reasonable cause. Therefore, Plaintiff is entitled to bring her FCRA claims in the instant civil action against Defendant and jurisdiction is proper in this Court. See §§ 760.11(4)(a) and 760.11(8), Florida Statutes.

21. Plaintiff's claim under 42 U.S. Code § 1981 requires no exhaustion of administrative remedies.

22. All conditions precedent to bringing this action have been performed or have occurred.

**GENERAL ALLEGATIONS**

23. Plaintiff, Anne Marie Primus, is an African American female.

24. Plaintiff was 65 years old when Defendant suspended and terminated her employment.

25. In 2020, Plaintiff began working for Defendant as a Referral Coordinator and Preceptor-Trainer. She worked remotely from her home in Hillsborough County, Florida.

26. Throughout her five years of employment, Plaintiff was a high-performing employee. She received Employee of the Month awards three times and received merit recognition, including recognition for helping the Company employ eight additional doctors during a period when she was the only Care Coordinator at the center.

27. Plaintiff was selected to work as a preceptor after completing in-house Company classes and became the highest paid employee in her role. Plaintiff earned $24.28 per hour for regular time and $36.42 per hour for overtime.

28. Plaintiff was the oldest employee in her position at the center in both age and length of service.

29. During her employment, Plaintiff worked under four managers and five supervisors, with her final supervisor being Ame Rodriguez.

30. At all times material, Plaintiff performed her job duties in a satisfactory or above-satisfactory manner and met Defendant's legitimate expectations for her position.

31. Plaintiff worked in a facility where approximately ninety percent (90%) of the employees are white, Spanish, or Indian, making Plaintiff one of the few African American employees at the center.

32. On or about August 19, 2025, Plaintiff first learned of an alleged issue concerning dinner breaks during overtime hours. This was the first time in her five years of employment that she had ever heard of any requirement to clock out for dinner breaks during overtime hours.

33. Plaintiff confirmed with past and present coworkers that none of them had heard of any such dinner break requirement during overtime hours either.

34. On August 29, 2025, Plaintiff was called to a meeting with her supervisor, Ame Rodriguez, and Human Resources representative Matthew

Stewart, to discuss her clocking in and out. During the meeting, Plaintiff was asked why she did not clock out for dinner breaks while working overtime, and she responded that this was the first time she was hearing of such a policy in her five years of employment.

35. Plaintiff acknowledged that she took breaks to eat but stated that any such breaks were no more than thirty minutes, not the full hour the Company alleged. The Company claimed it had paid Plaintiff $16,000 for time not worked due to dinner breaks.

36. During the August 29, 2025 meeting, Plaintiff's supervisor, Ame Rodriguez, admitted that she "forgot to tell us about dinner brake."

37. When Plaintiff offered to repay any money the Company claimed she owed, she was told "that is not how it worked."

38. Defendant suspended Plaintiff immediately on August 29, 2025, pending a Company decision, and Plaintiff's salary was "red flagged" because she was paid the highest in overtime among employees in similar positions.

39. On September 3, 2025, Plaintiff received a termination call from Ame Rodriguez and one of the leads, ending her five-year career with Defendant. Plaintiff returned her Company equipment, including two

monitors, a laptop, a connection box, and a connection cable, on September 4, 2025.

40. Defendant's stated reason for Plaintiff's termination, that she failed to clock out for dinner breaks during overtime hours and was overpaid $16,000, was false and pretextual. The policy was never communicated to Plaintiff during her five years of employment, her supervisor admitted forgetting to inform employees about it, and no other employees were disciplined under the policy.

41. Defendant treated Plaintiff less favorably than similarly situated employees outside of her protected class. Plaintiff's coworkers, the majority of whom are not African American, likewise did not clock out for dinner breaks during overtime hours and were not suspended, subjected to salary "red flagging," or terminated.

42. Defendant also treated Plaintiff less favorably than similarly situated substantially younger employees, including employees who were not the oldest or longest-serving employees in Plaintiff's position and who were not subjected to the same discipline, salary "red flagging," or termination for the alleged dinner-break policy.

43. Defendant's selective enforcement of an uncommunicated policy against Plaintiff, one of the few African American employees at a facility that is approximately ninety percent (90%) white, Spanish, or Indian, demonstrates that Defendant's stated reason for its actions was a pretext for unlawful race discrimination.

44. Defendant's decision to target Plaintiff's salary scale, overtime compensation, and length of service, while she was the oldest employee in her position at the center, demonstrates that Defendant's stated reason for its actions was also a pretext for unlawful age discrimination.

45. As a direct result of Defendant's discriminatory conduct, Plaintiff was left without income while her rent and other expenses continued. Plaintiff has suffered significant damages, including lost wages, lost benefits, financial hardship, emotional distress, mental anguish, and damage to her professional reputation.

## COUNT I
## VIOLATION OF 42 U.S. CODE § 1981
## (RACE DISCRIMINATION - DISPARATE TREATMENT)

46. Plaintiff realleges and incorporates by reference paragraphs 1 through 45 of this Complaint as though fully set forth herein.

47. 42 U.S. Code § 1981 - Equal rights under the law - makes it

unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based on that person's race.

48. Plaintiff is an African American female and a member of a protected class protected by 42 U.S. Code § 1981 from discrimination based on her race.

49. At all times material herein, Defendant was and is an "employer" within the meaning of 42 U.S. Code § 1981.

50. Plaintiff was qualified for her position and performed her job duties at a satisfactory or above-satisfactory level.

51. Defendant subjected Plaintiff to adverse employment actions, including suspension, salary "red flagging," and termination.

52. Similarly situated employees outside of Plaintiff's protected class, including coworkers who likewise did not clock out for dinner breaks during overtime hours, engaged in the same conduct but were not suspended, subjected to salary "red flagging," or terminated.

53. Plaintiff was treated less favorably than these similarly situated employees outside of her protected class.

54. Defendant's stated reason for Plaintiff's termination was pretextual. Plaintiff offered to repay the amount the Company claimed she

owed, the alleged policy was never communicated to Plaintiff during her five years of employment, her supervisor admitted forgetting to inform employees about it, and no other employees were disciplined under the policy.

55. But for Plaintiff's race, Defendant would not have subjected her to the adverse employment actions described herein, including termination.

56. The actions and inaction of Defendant, by and through the conduct of its employees, supervisors, managers, and agents, as more particularly described hereinabove, constitute unlawful discrimination based on Plaintiff's race.

57. Plaintiff, by being subjected to this discrimination by Defendant, was unreasonably and negatively affected in the terms, conditions, and privileges of her employment with Defendant.

58. Defendant fostered, condoned, accepted, ratified, and/or otherwise failed to prevent or remedy discriminatory conduct due to race.

59. Defendant is liable for the discrimination alleged herein. These actions all adversely affected the terms and conditions of Plaintiff's employment in violation of 42 U.S. Code § 1981.

60. As a direct, proximate, and foreseeable result of Defendant's

aforementioned actions and omissions, Plaintiff has suffered, continues to suffer, and will suffer the following:

a. Lost wages and benefits;

b. Lost earning capacity;

c. Emotional distress damages;

d. Pain and suffering, mental anguish, loss of dignity, and loss of the capacity for the enjoyment of life;

e. Damage to her professional reputation; and

f. Other economic losses proximately caused and allowable under 42 U.S. Code § 1981.

61. Defendant's unlawful discriminatory actions constitute reckless, malicious, willful, and wanton violations of 42 U.S. Code § 1981 for which Plaintiff is entitled to an award of punitive damages.

**WHEREFORE**, the Plaintiff, ANNE MARIE PRIMUS, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, DEDICATED SENIOR MEDICAL CENTER OF FLORIDA LLC, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A. Grant judgment in favor of Plaintiff and declare that Defendant

has violated 42 U.S. Code § 1981 by discriminating against Plaintiff based on her race;

B. Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered because of Defendant's discrimination against her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, and related benefits;

C. Award compensatory damages to Plaintiff in a sum that will properly and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by Defendant's discriminatory conduct and actions, including emotional distress damages;

D. Award punitive damages to Plaintiff because of Defendant's reckless, malicious, willful, wanton, and unlawful discriminatory actions in violation of 42 U.S. Code § 1981;

E. Award Plaintiff all other damages available under 42 U.S. Code § 1981, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under 42 U.S. Code § 1981;

F. Award Plaintiff pre- and post-judgment interest;

G. Award Plaintiff her attorneys' fees, including litigation expenses, and the costs of this action; and

H. Grant such other and further relief as this Court may deem equitable, just, and proper.

**COUNT II**
**VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT**
**(RACE DISCRIMINATION - DISPARATE TREATMENT)**

62. Plaintiff realleges and incorporates by reference paragraphs 1 through 45 of this Complaint as though fully set forth herein.

63. Plaintiff is an African American female and a member of a protected class under the FCRA, §§ 760.01-760.11, Florida Statutes, by way of her race.

64. At all times material herein, Defendant employed Plaintiff and Defendant was and is an "employer" within the meaning of the FCRA.

65. Defendant is a "person" within the meaning of the FCRA, § 760.02(6), Florida Statutes, in that the definition includes "an individual, association, corporation, joint apprenticeship committee, joint-stock company, labor union, legal representative, mutual company, partnership, receiver, trust, trustee in bankruptcy, or unincorporated organization; any

other legal or commercial entity; the state; or any governmental entity or agency." § 760.02(6), Florida Statutes.

66. Plaintiff was qualified for her position and performed her job duties in a satisfactory or above-satisfactory manner.

67. Defendant subjected Plaintiff to adverse employment actions, including suspension, salary "red flagging," and termination.

68. Similarly situated employees outside of Plaintiff's protected class were treated more favorably under similar circumstances, including with respect to the enforcement of the alleged dinner break policy and workplace discipline.

69. Plaintiff's race was a motivating factor in Defendant's decision to subject her to adverse employment actions.

70. The actions and inaction of Defendant, by and through the conduct of its employees, supervisors, managers, and agents, as more particularly described hereinabove, constitute unlawful discrimination based on Plaintiff's race.

71. As her employer, Defendant was obligated to guard against the discrimination of Plaintiff by her co-workers, supervisors, managers, and

other agents of Defendant and to protect Plaintiff from discrimination in the workplace.

72. Defendant violated the FCRA by, among other things, subjecting Plaintiff to discrimination because of her race and by selectively enforcing an uncommunicated policy against her.

73. Defendant's stated reason for Plaintiff's termination was false, pretextual, and/or selectively applied.

74. Plaintiff, by being subjected to this discrimination created by Defendant, was unreasonably and negatively affected in the terms, conditions, or privileges of her employment with Defendant.

75. The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the discrimination of Plaintiff, deprived her of statutory rights under the FCRA.

76. As a direct, proximate, and foreseeable result of Defendant's aforementioned actions, inactions, and violations of the FCRA, Plaintiff has suffered, continues to suffer, and will suffer the following:

a. Lost wages and benefits;

b. Lost earning capacity;

c. Emotional distress;

d. Financial hardship;

e. Damage to her professional reputation; and

f. Other nonpecuniary losses and intangible injuries.

**WHEREFORE**, the Plaintiff, ANNE MARIE PRIMUS, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, DEDICATED SENIOR MEDICAL CENTER OF FLORIDA LLC, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A. Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by discriminating against Plaintiff based on her race;

B. Award sufficient remedial relief to make Plaintiff whole for the individual losses she has suffered because of the discrimination to which Defendant subjected her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, and related benefits;

C. Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate her for the nature, extent, and duration of her injuries and damages, including but not limited to lost wages and emotional distress damages;

D. Award Plaintiff all other damages available under the FCRA including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under these statutes, according to proof;

E. Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

F. Award Plaintiff her attorneys' fees, including litigation expenses, and the costs of this action; and

G. Grant such other and further relief as this Court may deem equitable, just, and proper.

**COUNT III**
**VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT**
**(AGE DISCRIMINATION - DISPARATE TREATMENT)**

77. Plaintiff realleges and incorporates by reference paragraphs 1 through 45 of this Complaint as though fully set forth herein.

78. Plaintiff was 65 years old at the time Defendant suspended and terminated her employment and is a member of a protected class under the FCRA by way of her age.

79. At all times material herein, Defendant employed Plaintiff and Defendant was and is an "employer" within the meaning of the FCRA.

80. Defendant is a "person" within the meaning of the FCRA, § 760.02(6), Florida Statutes.

81. Plaintiff was qualified for her position and performed her job duties in a satisfactory or above-satisfactory manner.

82. Defendant subjected Plaintiff to adverse employment actions, including suspension, salary "red flagging," and termination.

83. Plaintiff was the oldest employee in her position at the center in both age and length of service.

84. Defendant targeted Plaintiff's salary scale and overtime compensation, including by "red flagging" her salary because she was paid the highest in overtime among employees in similar positions.

85. Similarly situated substantially younger employees were treated more favorably under similar circumstances, including with respect to the

enforcement of the alleged dinner break policy, salary "red flagging," and workplace discipline.

86. Defendant's stated reason for Plaintiff's termination was false, pretextual, and/or selectively applied. The alleged policy was never communicated to Plaintiff during her five years of employment, her supervisor admitted forgetting to inform employees about it, Plaintiff offered to repay any amount the Company claimed was owed, and no other employees were disciplined under the policy.

87. Plaintiff's age was a motivating factor in Defendant's decision to subject her to adverse employment actions.

88. Defendant violated the FCRA by, among other things, subjecting Plaintiff to discrimination because of her age and by selectively enforcing an uncommunicated policy against her.

89. Plaintiff, by being subjected to this discrimination created by Defendant, was unreasonably and negatively affected in the terms, conditions, or privileges of her employment with Defendant.

90. The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative

and remedial action to prevent the discrimination of Plaintiff, deprived her of statutory rights under the FCRA.

91. As a direct, proximate, and foreseeable result of Defendant's aforementioned actions, inactions, and violations of the FCRA, Plaintiff has suffered, continues to suffer, and will suffer lost wages and benefits, lost earning capacity, emotional distress, financial hardship, damage to her professional reputation, and other nonpecuniary losses and intangible injuries.

WHEREFORE, Plaintiff, ANNE MARIE PRIMUS, requests trial by jury of all issues so triable as of right, demands judgment against Defendant, DEDICATED SENIOR MEDICAL CENTER OF FLORIDA LLC, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A. Grant judgment in favor of Plaintiff and declare that Defendant violated the FCRA by discriminating against Plaintiff based on her age;

B. Award sufficient remedial relief to make Plaintiff whole for the individual losses she has suffered because of Defendant's

discrimination, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, and related benefits;

C. Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate her for the nature, extent, and duration of her injuries and damages, including emotional distress damages;

D. Award Plaintiff all other damages available under the applicable law, including other economic losses proximately caused and allowable according to proof;

E. Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

F. Award Plaintiff her attorneys' fees, including litigation expenses, and the costs of this action; and

G. Grant such other and further relief as this Court may deem equitable, just, and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury.

Date this 30th day of September 2026.

*/s/ Jason W. Imler, Esq.*

Jason W. Imler
Florida Bar No. 1004422
**Imler Law**
23110 State Road 54, Unit 407
Lutz, Florida 33549
(P): 813-553-7709
Jason@ImlerLaw.com
Attorneys for Plaintiff